UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20893-CR-GRAHAM/O'SULLIVAN

UNITED STATES OF AMERICA,

 Plaintiff,

v.

ERIC GARDINER,

 Defendant,
_____/

TANIOS HANNA ABI CHEDID
and MARGUERITE HADDAD
ABI CHEDID

 Third Party Petitioners.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court on the Petition of Third Parties Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 579, 9/13/06) filed by third party petitioners Tanios Hanna Abi Chedid and Marguerite Haddad Abi Chedid (collectively "petitioners"). This matter was referred to the undersigned by the Honorable Donald L. Graham, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b). (DE# 632, 11/4/06). The government has filed its Motion to Dismiss the Petition [DE# 579] for Failure to Comply with 21 U.S.C. § 853 (DE# 602, 10/4/06). Having reviewed the applicable filings and law, the undersigned respectfully **RECOMMENDS** that the government's Motion to Dismiss the Petition [DE# 579] for Failure to Comply with 21 U.S.C. § 853 (DE# 602, 10/4/06) be

**GRANTED** and the Petition of Third Parties Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 579, 9/13/06) be **DISMISSED**.

## FACTUAL BACKGROUND

On May 24, 2006, the Court entered a Preliminary Order of Forfeiture (DE# 428, 5/31/06) in this matter forfeiting to the government all right, title and interest of the defendant, Eric Gardiner, in certain property, including funds in account # 130575 up to $189,604.80, at InterAudi Bank, New York, New York and funds in account # 30037538720 up to $100,000.00, at International Bank of Miami, Coral Gables.[1] The Preliminary Order of Forfeiture (DE# 428 at 9, 5/31/06) required the government to publish notice of the order in a newspaper of general circulation pursuant to 21 U.S.C. § 853(n)(6) and further provided that the government could, to the extent practicable, direct written notice to any person known to have an alleged interested in the subject property.

The government sent notice via registered mail to the petitioners at two different addresses in Sao Paulo, Brazil on July 31, 2006 and August 1, 2006. The return receipts were both executed as delivered on August 17, 2006. The petitioners claim they received notice of the Preliminary Order of Forfeiture from the government on August 19, 2006 (DE# 579 at 5, 9/13/06). On September 13, 2006, the petitioners filed the Petition of Third Parties Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 579, 9/13/06) directed at funds in account # 130575 up to

---

[1] On May 16, 2006, Defendant Gardiner pled guilty to Counts 1 and 9 of the Indictment and agreed to forfeit this property. (DE# 428 at 5, 5/31/06).

$189,604.80, at InterAudi Bank, New York, New York and funds in account # 30037538720 up to $100,000.00, at International Bank of Miami, Coral Gables. The government has seized approximately $67,104.71 from the InterAudi Bank account and approximately $21,401.62 from the International Bank of Miami account.

The government moves to dismiss the petition because it was not made under penalty of perjury and did not comply with the statutory pleading requirements of 21 U.S.C. § 853(n)(2). See Motion to Dismiss the Petition [DE# 579] for Failure to Comply with 21 U.S.C. § 853 (DE# 602, 10/4/06). The petitioners have not responded to the government's motion to dismiss.

## ANALYSIS

The procedure for a third party to contest a criminal forfeiture is set forth in 21 U.S.C. § 853(n). Following the entry of an order of forfeiture, the government is required to "publish notice of the order and of its intent to dispose of the property... [and] may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture." Id. at § 853(n)(1). Within 30 days from publication or receipt of the notice, whichever is earlier, the third party must "petition the court for a hearing to adjudicate the validity of his alleged interest in the property." Id. at § 853(n)(2). The petition must be signed under penalty of perjury and set forth "the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." Id. at § 853(n)(3).

The petition does not comply with the procedural requirements of 21 U.S.C. § 853(n)(3) because it was not signed under penalty of perjury. The subject petition states that "[t]he [p]etitioner declares that he is ready to swear all the facts cited above, in an Affidavit signed by him and deposited legally at a Notary Public, in Sao Paulo, whose copy to be sent to the American Honorable Court." Petition of Third Parties Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 579 at 6, 9/13/06). The petitioners have not submitted affidavits or signed the petition under penalty of perjury. As one court observed, "[r]equiring the claimant to sign personally under penalty of perjury serves the government's legitimate interest in protecting forfeited assets." U.S. v. Speed Joyeros, S.A., 410 F.Supp.2d 121, 124 (E.D. N.Y. 2006). See also Mercado v. U.S. Customs Service, 873 F.2d 641, 645 (2d Cir.1989) (recognizing "a substantial danger of false claims in forfeiture proceedings."). Accordingly, the undersigned recommends that the government's Motion to Dismiss the Petition [DE# 579] for Failure to Comply with 21 U.S.C. § 853 (DE# 602, 10/4/06) be **GRANTED**[2] and that the petitioners' Petition of Third Parties Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 579, 9/13/06) be **DISMISSED** for failure to comply with the procedural requirements of 21 U.S.C. § 853(n).

---

[2] The petitioners have not responded to the government's Motion to Dismiss. In addition, the petitioners have made no attempt to remedy their failure to sign their petition under penalty of perjury.

4

## RECOMMENDATION

In accordance with the foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that the government's Motion to Dismiss the Petition [DE# 579] for failure to comply with 21 U.S.C. § 853 (DE# 602, 10/4/06) be **GRANTED** and that the Petition of Third Parties Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 579, 9/13/06) filed by Tanios Hanna Abi Chedid and Marguerite Haddad Abi Chedid be **DISMISSED**. The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Donald Graham, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this **5th** day of December, 2006.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge Graham
All Counsel of Record

Copies mailed by Chambers to:

Tanios Hanna Abi Chedid
Marguerite Haddad Abi Chedid
Rua Sao Caetano, 233
Sao Paulo - SP
CEP 01104-001
Brazil