UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-20893-CR-GRAHAM/O'SULLIVAN

UNITED STATES OF AMERICA**,**

 Plaintiff,

v.

ERIC GARDINER,

 Defendant.
_____/

Petition of WELLUS CORP.,

 Petitioner.
_____/

## ORDER

 This matter is before the Court on Wellus Corp.'s Notice of Motion for an Award of Counsel Fees and Expenses (DE # 761, 5/29/07). The parties have consented to the entry of final judgment by the undersigned. See Notice of Consent to Disposition of Wellus Corp.'s Third Party Petition by a United States Magistrate Judge (DE # 696, 1/24/07). This case was referred to United States Magistrate Judge John J. O'Sullivan pursuant to 28 U.S.C. § 636(c) (DE# 698, 1/29/07). Having carefully reviewed the applicable filings and law, it is

 ORDERED AND ADJUDGED that Wellus Corp.'s Notice of Motion for an Award of Counsel Fees and Expenses (DE # 761, 5/29/07) is **DENIED**.  As more fully explained below, the Court finds that the Equal Access to Justice Act ("EAJA") applies to this case and that Wellus Corp. (hereinafter "petitioner") is not entitled to attorney's fees and other expenses under the facts of the instant case.

## **BACKGROUND**

This is an ancillary criminal forfeiture proceeding arising from the prosecution of Eric Gardiner (hereinafter "defendant") for drug related offenses (DE# 3, 12/2/05). On May 16, 2006, the defendant pled guilty to conspiracy to import cocaine and money laundering (DE # 563, 8/31/06). In his plea agreement, the defendant agreed to forfeit his interest in certain property including funds in Woori America Bank Account #427001417 up to $80,000.00, at Woori America Bank, New York, New York (hereinafter the "subject property"). See Plea Agreement (DE# 408 at ¶ 14, 5/18/06). The government sought a preliminary order of forfeiture over certain property, including the subject property, following the defendant's guilty plea. See United States' Motion for a Preliminary Order of Forfeiture (DE# 422, 5/24/06). On May 25, 2006, the Court entered a Preliminary Order of Forfeiture (DE# 428, 5/25/06) which forfeited, inter alia, the subject property as property constituting proceeds from criminal activity.

The petitioner filed Wellus Corp.'s Petition (DE# 569, 9/6/06) (hereinafter "Petition")[1] to adjudicate the validity of its interest in the subject property. After an evidentiary hearing, the Court granted the Petition finding that "the petitioner [had shown] by a preponderance of the evidence that it was a bona fide purchaser for value reasonably without cause to believe that the property was subject to forfeiture under [21 U.S.C. §] 853(n)(6)(B)." See Order (DE# 750 at 11-12, 5/9/07) (internal quotation marks omitted).

---

[1] The petitioner initially filed its petition on March 15, 2006 (DE # 280). The Court denied this petition as moot (DE # 692, 1/9/07) after the petitioner filed a second petition (DE# 569) on September 6, 2006.

On May 29, 2007, the petitioner filed the instant Notice of Motion for an Award of Counsel Fees and Expenses (DE# 761) and Petitioner's Memorandum of Law in Support of an Application for an Award of Reasonable Attorney Fees and Other Litigation Expenses (DE# 762). The petitioner's motion was supported by the Affirmation (DE# 765, 5/31/07) of the petitioner's counsel. On June 11, 2007, the government filed Plaintiff United States' Response in Opposition to Petitioner's Motion for Award of Counsel Fees and Expenses (DE# 767). The petitioner did not file a reply.

## LEGAL ANALYSIS

### A.    CAFRA Does Not Apply to the Instant Case

The petitioner seeks attorney's fees and costs under the Civil Asset Forfeiture Reform Act ("CAFRA"), 28 U.S.C. § 2465. Where applicable, CAFRA provides for the recovery of attorney's fees, other litigation costs, post-judgment interest and actual or imputed interest in cases involving currency, negotiation instruments or sale proceeds. See 28 U.S.C. § 2465(b)(1). The petitioner argues that "[c]ounsel fees are recoverable by a prevailing party in a drug-related forfeiture proceeding under 28 U.S.C. § 2465(b)." See Petitioner's Memorandum of Law in Support of an Application for an Award of Reasonable Attorney Fees and Other Litigation Costs (DE# 762 at 1, 5/29/07). The petitioner relies on United States v. 4432 Master Cases of Cigarettes, 322 F.Supp. 2d 1075 (D.C. Cal. 2004) for support. However, that case concerned a civil in rem forfeiture proceeding. Id. at 1077. The instant action is a criminal forfeiture proceeding.

The government argues that CAFRA does not apply based on a plain reading of 28 U.S.C. § 2465 (b) which provides for reasonable attorney's fees "in any civil

3

proceeding to forfeit property." See Plaintiff United States' Response in Opposition to Petitioner's Motion for Award of Counsel Fees and Expenses (DE# 767 at 6, 6/11/07) (emphasis in original). The Court agrees. A plain reading of subsection (b) makes it inapplicable to the instant case. Subsection (b) applies "in **any civil proceeding** to forfeit property under any provision of Federal law." 28 U.S.C. § 2465(a)-(b) (emphasis added). Thus, the attorney's fee provision in subsection (b) is applicable only in civil forfeiture proceedings. See Synagogue v. United States, 482 F.3d 1058, 1062 (9th Cir. 2007) (noting that § 2465(b)(1) does not apply if the clamant's property is subject to criminal forfeiture).

**B.    Petitioner's Entitlement to Attorney's Fees and Costs under the EAJA**

Although the petitioner does not request attorney's fees and other expenses under the EAJA, the government in its response contends that the EAJA is the only statute that may provide attorney's fees and other expenses in this matter. See Plaintiff United States' Response in Opposition to Petitioner's Motion for Award of Counsel Fees and Expenses (DE# 767 at 6, 6/11/07).

For the petitioner to recover attorney's fees under the EAJA, four elements must be met. First, the petitioner must be the prevailing party in a suit over which the court had jurisdiction. See Jean v. Nelson, 863 F.2d 759, 765 (11th Cir. 1988). Second, the government's legal position cannot have been substantially justified. Id. Third, the petitioner's attorney's fee motion must be timely. Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990). Fourth, there can be no special circumstances that would render an award of fees unjust. Comm'r Immigration & Naturalization Service v. Jean, 496 U.S.

154, 158 (1990).

The government does not dispute that the petitioner was the prevailing party and that there are no special circumstances that would render an award of fees unjust. See Plaintiff United States' Response in Opposition to Petitioner's Motion for Award of Counsel Fees and Expenses (DE# 767 at 7, 6/11/07). However, the petitioner is not entitled to attorney's fees and other expenses under the EAJA because the government's position was substantially justified. 28 U.S.C. § 2412(d)(1)(A).

In defending against a petition for attorney's fees and other expenses, the government bears the burden of showing that its position was substantially justified. Harmon v. United States through Farmer's Home Admin., 101 F.3d 574, 578 (8th Cir. 1996). In determining whether the government's position was substantially justified, the Court must look to the government's underlying action as well as to its position in the litigation. Perales v. Casillas, 950 F.2d 1066, 1073 (5th Cir. 1992). The Court's inquiry must focus on whether the government's position was "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). Under this standard, the government is not required to establish that its position was based on a "substantial probability of prevailing." Sec. Exch. Comm'n v. Fox, 855 F.2d 247, 252 (5th Cir. 1988)(quoting legislative history of the EAJA, H.R. Rep. No. 1418, 96th Cong., 2d Sess. 11, reprinted in 1980 U.S.S.C.A.N. 4948, 4989-90).

A loss on the merits does not itself, render the government's position not substantially justified. White v. United States, 740 F.2d 836, 839 (11th Cir. 1984).

Rather, the EAJA's "substantially justified" inquiry is governed by a standard "that is separate and distinct from whatever legal standards governed the merits phase of the case." Griffon v. United States Dep't of Health and Human Servs., 832 F.2d 51, 52 (5th Cir. 1987) (quoting Federal Election Commission v. Rose, 806 F.2d 1081, 1087 (D.C. Cir. 1986)).

Viewing the government's position in this action, the Court finds that the government, though unsuccessful in this proceeding, was substantially justified in taking its position that the subject property was forfeitable. The undisputed testimony at the evidentiary hearing was that the DEA made several money (drug proceeds) pickups at the defendant's request. The defendant provided undercover DEA agents with the petitioner's Woori Bank account number and instructed the agents to transfer funds into the petitioner's account. On December 21, 2004, the DEA, through an undercover bank account, wire transferred $80,000.00 into the petitioner's Woori Bank account. The government took the position that the petitioner was willfully blind to the source of those funds. The government's theory was supported by case law. See United States v. Medina Cuartes, 155 F.Supp. 2d 1338, 1343 (S.D. Fla. 2001). Although the Court ultimately determined that the petitioner was not willfully blind under the instant facts, the government's legal position was substantially justified. Therefore, the undersigned concludes that the petitioner is not entitled to fees and other expenses under the EAJA.

## CONCLUSION

The Court finds that CAFRA's attorney's fee provision does not apply to criminal forfeiture proceedings and that the petitioner has not established that it is entitled to

attorney's fees and other expenses under the EAJA. Accordingly, the Notice of Motion for an Award of Counsel Fees and Expenses (DE # 761, 5/29/07) is denied.

DONE AND ORDERED in Chambers at Miami, Florida this **27th** day of August, 2007.

_____
JOHN  J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
U.S. District Judge Graham
All counsel of record