UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-20893-CR-GRAHAM/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ERIC GARDINER,

    Defendant,
_____/

JOSEPH HANNA ABI CHEDID

    Third Party Petitioner.
_____/

TANIOS HANNA ABI CHEDID
and MARGUERITE HADDAD
ABI CHEDID

    Third Party Petitioners.
_____/

LIZETTE MAKHLOUF
and YOUSSEF MAKHLOUF

    Third Party Petitioners.
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER came before the Court on the Motion for Reconsider [sic] Order (D.E. 695) Dated January 19, 2007 Adopting Magistrate's Report (D.E. 654) Dated December 5, 2006 (DE# 715, 2/28/07) by Lizette Makhlouf and Youssef Makhlouf (collectively "Makhlouf petitioners") and the Motion for Clarification and Reconsideration

of Dismissal Orders and for Leave to Amend Petitions of Third Party Petitioners to Address Deficiencies (DE# 776, 6/26/07) filed by third party petitioners Joseph Hanna Abi Chedid, Tanios Hanna Abi Chedid and Marguerite Haddad Abi Chedid (collectively "Abi Chedid petitioners"). This matter was referred to the undersigned by the Honorable Donald L. Graham, United States District Court Judge for the Southern District of Florida, pursuant to 28 U.S.C. § 636(b) (DE# 786, 7/18/07). Having reviewed the applicable filings and law, the undersigned respectfully **RECOMMENDS** that the Makhlouf petitioners' Motion for Reconsider [sic] Order (D.E. 695) Dated January 19, 2007 Adopting Magistrate's Report (D.E. 654) Dated December 5, 2006 (DE# 715, 2/28/07) and the Abi Chedid petitioners' Motion for Clarification and Reconsideration of Dismissal Orders and for Leave to Amend Petitions of Third Party Petitioners to Address Deficiencies (DE# 776, 6/26/07) be **GRANTED**.

## BACKGROUND

This is a criminal forfeiture proceeding arising from the prosecution of Eric Gardiner (hereinafter "defendant") for drug related offenses. See Indictment (DE# 3, 12/2/05). On May 16, 2006, the defendant pled guilty to Counts 1 and 9 of the Indictment and agreed to forfeit certain property (DE# 428 at 5, 5/31/06). On May 24, 2006, the Court entered a Preliminary Order of Forfeiture (DE# 428, 5/31/06) in this matter forfeiting to the government all right, title and interest of the defendant in certain property, including property to which the petitioners claim an ownership right.

A.     **The Abi Chedid Petitioners**

    1.     **Petitioners Tanios and Marguerite Abi Chedid**

On September 13, 2006, Tanios and Marguerite Abi Chedid timely filed their

Petition of Third Parties Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 579) concerning funds in account # 130575 up to $189,604.80, at InterAudi Bank, New York, New York and funds in account # 30037538720 up to $100,000.00, at International Bank of Miami, Coral Gables.[1] The government seize d approximately $67,104.71 from the InterAudi Bank account and approximately $21,401.62 from the International Bank of Miami account. On October 4, 2006, the government moved to dismiss the petition (DE# 602) for failure to comply with 21 U.S.C. § 853(n). On December 5, 2006, the undersigned issued a Report and Recommendation recommending that the government's Motion to Dismiss be granted and that the petition filed by Tanios and Marguerite Abi Chedid be denied because the petition did not comply with the statutory requirement that it be signed under penalty of perjury. See Report and Recommendation (DE# 655, 12/5/06).

On January 4, 2007, Tanios and Marguerite Abi Chedid filed their Supplement Subsequent to the United States Magistrate Judge John O'Sullivan Report Dated December 5, 2006 (DE# 688) which contained the following statement:

> **Signed under penalty of perjury, swearing in Affidavit, the veracity of all Facts** cited above, in addition to the Facts and allegations cited in the Petition dated September 1st, 2006 . . . as well as the veracity of the Facts mention[ed] in the supplement, posted from Brazil on November 17, 2006 and delivered to the Honorable Court on November 28, 2006."[2]

---

[1] The petitions of the Abi Chedid petitioners and the Makhlouf petitioners were referred to the undersigned for a report and recommendation (DE# 632, 11/4/06).

[2] Contrary to the assertions of Tanios and Marguerite Abi Chedid, the record does not reflect an additional supplement filed by these petitioners in November or December 2006. The record does reflect that Joseph Abi Chedid's Supplement to the Third Party Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 659) and the Makhlouf Petitioners' Supplement to the Motion for

3

See Supplement Subsequent to the United States Magistrate Judge John O'Sullivan Report Dated December 5, 2006 (DE# 688 at 5, 1/5/07) (emphasis in original). On February 2, 2007, the Court issued an Order (DE# 703) adopting the Report and Recommendation after a de novo review of the entire file.

### 2.     **Petitioner Joseph Abi Chedid**

On September 19, 2006, Joseph Abi Chedid filed his Petition of Third Parties Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 583) concerning funds in account # 149312 up to $280,000.00, at InterAudi Bank, New York, New York. The government seized approximately $16,410.85 from the account. On October 4, 2006, the government moved to dismiss the petition for failure to comply with 21 U.S.C. § 853(n). See Motion to Dismiss the Petition for Failure to Comply with 21 U.S.C. § 853 (DE# 603 at 3). On December 5, 2006, the undersigned issued a Report and Recommendation (DE# 653) recommending that the government's motion to dismiss be granted and that the petition filed by Joseph Abi Chedid be dismissed as untimely and for failing to comply with the statutory requirement that it be signed under penalty of perjury. See Report and Recommendation (DE# 653 at 4). On December 7, 2006, the petitioner filed his Supplement to the Third Party Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 659, 12/7/06) which states that it is "**Signed under penalty of perjury, and swearing the veracity of all the Facts cited above, in addition to the Facts and allegations cited in the Petition dated September 1st, 2006 as explained in this Supplement**." Id. at 6 (emphasis in

---

Modification of Forfeiture Order and Release of Property Forfeited (DE# 657) were both filed on December 7, 2006.

4

original). On January 4, 2007, Joseph Abi Chedid filed his Supplement Subsequent to the United States Magistrate Honorable Judge John O'Sullivan Report Dated December 5, 2006 (DE# 689). On February 7, 2007, after a de novo review of the entire file, the Court issued and Order (DE# 702) adopting the undersigned's Report and Recommendation.

**B.     The Makhlouf Petitioners**

On September 25, 2006, the Makhlouf petitioners filed their Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 591) directed at funds in account # XX9082 up to $33,000.00, at InterAudi Bank, New York, New York. The government seized approximately $12,878.03 from this account. On October 16, 2006, the government moved to dismiss the Makhloufs' petition for failure to comply with 21 U.S.C. § 853(n). See Motion to Dismiss the Petition [DE# 591] for Failure to Comply with 21 U.S.C. § 853 (DE# 608 at 3). On December 5, 2006, the undersigned issued a Report and Recommendation (DE# 654) recommending that the government's motion to dismiss be granted and that the Makhloufs' petition be dismissed because it was not made under penalty of perjury and was untimely filed. On December 7, 2006, the Makhlouf petitioners filed their Supplement to the Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 657) which states that the Makhlouf petitioners "swear, as an Affidavit, under the Penalty of Perjury, that all what they have signed in this Supplement and in the Third Parties Petition dated September 12, 2006 taking into consideration the facts of the amendments of the notification date stated above, are all correct and true." Id. at 3. On January 4, 2007, the Makhlouf petitioners filed a Supplement Subsequent to the United States Magistrate Judge John

J. O'Sullivan Report Dated December 5, 2006 (DE# 687). The Court issued an Order (DE# 695) adopting the Report and Recommendation of the undersigned on January 18, 2007 after a de novo review of the record.

**C.   The Instant Motions**

**1.   The Makhlouf Petitioners' Motion for Reconsideration**

On February 28, 2007, the Makhlouf petitioners filed their Motion for [sic] Reconsider Order (D.E. 695) Dated January 19, 2007 Adopting Magistrate's Report (D.E. 654) Dated December 5, 2006 (DE# 715) (hereinafter "Motion for Reconsideration"). On March 9, 2007, the government filed its Response in Opposition to Motion for [sic] Reconsider Order, etc. [DE 715] (DE# 721). The Makhlouf petitioners did not file a reply. On July 5, 2007, the government filed its Supplemental Authority to Response In Opposition [DE 721] to Motion for [sic] Reconsider Order, etc. [DE 715] (DE# 780).

**2.   The Abi Chedid Petitioners' Motion for Clarification**

On June 26, 2007, the Abi Chedid petitioners filed a joint Motion for Clarification and Reconsideration of Dismissal Orders and for Leave to Amend Petitions of Third Party Petitioners to Address Deficiencies (DE# 776). The government filed Plaintiff's Response in Opposition to Motion for Reconsideration (DE# 779) on July 3, 2007. The Abi Chedid petitioners filed their Reply Regarding Government's Response to Motion for Clarification and Reconsideration of Dismissal Orders (DE# 785) on July 17, 2007. On July 25, 2007, the government filed its Supplemental Authority to Response in Opposition [DE 779] to Motion for Clarification, Etc. [DE 776] (DE# 792). The petitioners filed their Supplemental Reply Regarding Government's Response to Motion for

Clarification and Reconsideration of Dismissal Orders (DE# 793) on July 27, 2007.

## ANALYSIS

### A.   Whether the Court Has Jurisdiction

At the outset, the government challenges the Court's jurisdiction to rule on the pending motions. According to the government, the "Court lacks jurisdiction over the petitions because they failed to comply with 21 U.S.C. § 853." See Plaintiff's Response in Opposition to Motion for Reconsideration (DE# 779 at 1, 7/3/07). The government relies on Bowles v. Russell, 127 S.Ct. 2360 (2007). Id. at 2. In Bowles, the Supreme Court held that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement" and "this Court has no authority to create equitable exceptions to jurisdictional requirements." Bowles, 127 S.Ct. at 2366. The Supreme Court noted that "[b]ecause Congress decides whether federal courts can hear cases at all, it can also determine when, and under conditions, federal courts can hear them." Id. at 2366. Similarly, the government argues that "because of the [p]etitioners' lack of compliance with the statute's requirement to file the petition under the penalty of perjury, and as to J[ospeh Abi] Chedid [and the Makhlouf petitioners],[3] to file the petition within 30 days of receipt [of notice], this Court has no authority to create equitable exceptions to the jurisdictional requirements of 21 U.S.C. § 853 (n)." See Plaintiff's Response in Opposition to Motion for Reconsideration (DE# 779 at 3, 7/3/07). The Abi Chedid

---

[3] The government raises the same argument as to the Makhlouf petitioners. See Supplemental Authority to Response in Opposition [DE 721] to Motion for [Sic] Reconsider Order, etc. [DE 715] (DE# 780 at 1, 7/5/07) (arguing that "[p]ursuant [Bowles], this Court lacks jurisdiction over the petition[ers] because they failed to comply with 21 U.S.C. § 853 and lacks the authority to create equitable exceptions to jurisdictional requirements.").

petitioners counter that the Court's Orders adopting the undersigned's Reports and Recommendations were not final orders and thus, the Court may reconsider its prior rulings.[4] See Reply Regarding Government's Response to Motion for Clarification and Reconsideration of Dismissal Orders (DE# 785 at 4, 7/17/07).

The undersigned concludes that this Court has jurisdiction to rule on the instant motions for reconsideration. The Supreme Court in Bowles v. Russell, 127 S.Ct. 2360 (2007) was clear that it was merely reiterating a clearly established legal principle: that the deadline to file a notice of appeal is jurisdictional and cannot be extended by the district court. "This Court has **long held** that the taking of an appeal within the prescribed time is 'mandatory and jurisdictional.'" Bowles, 127 S.Ct. at 2363 (emphasis added). "Although several of our recent decisions have undertaken to clarify the distinction between claims-processing rules and jurisdictional rules, none of them calls into question our **longstanding** treatment of statutory time limits for taking an appeal as jurisdictional." Id. at 2364 (emphasis added). Courts have recognized that under certain circumstances third party petitioners may amend their petitions. See United States v. Joyeros S.A., 410 F.Supp.2d 121, 124 (E.D. N.Y. 2006) (district court would have allowed the petitioners to amend their petitions to meet with the requirement that the petitions be signed under penalty of perjury but for the petitions' failure on the merits). Thus, under Bowles, this Court is not deprived of jurisdiction to consider the instant motions merely because the petitioners did not initially comply with 21 U.S.C. § 853 (n) when they filed their petitions.

---

[4] The Makhlouf petitioners, who are proceeding pro se, have not responded to the government's jurisdictional argument.

In addition to Bowles, the government relies on Smith v. School Board of Orange County, 487 F.3d 1361 (11th Cir. 2007) to support its argument that "[the] petitioners waived their right to challenge nondispositive orders because they failed to timely challenge the magistrate's Report and Recommendation and the district court's order adopting same dismissing Petitioners' motion for failure to comply with the procedural requirements of 21 U.S.C. § 853 (n)." See Supplemental Authority to Response in Opposition [DE 779] to Motion for Clarification, etc. [DE 766] (DE# 792 at 1-2, 7/25/07). In response, the Abi Chedid petitioners[5] note that unlike Smith, no final judgment has been entered in the instant case. See Supplemental Reply Regarding Government's Response to Motion for Clarification and Reconsideration of Dismissal Orders (DE# 793 at 2, 7/27/07). In Smith, the Eleventh Circuit concluded that "[b]ecause [the plaintiff] did not file objections to the magistrate's November 23, 2005 order, he has waived that issue **for purposes of [his] appeal**." Smith, 487 F.3d at 1365 (emphasis added). Additionally, the Court held that because the plaintiff's motion for reconsideration was filed beyond the 10-day limitation period of Fed. R. Civ. P. 72(a) it could not be considered an objection to the report and recommendation. Id. Here, although the petitioners' failure to timely file objections to the undersigned's Reports and Recommendations may limit the issues they may raise on appeal, it does not preclude this Court from considering the instant motions for reconsideration.[6]

---

[5] The Makhlouf petitioners did not file a response to the government's supplemental authority.

[6] The undersigned does not construe the petitioners' motions for reconsideration as objections to the December 5, 2006 Reports and Recommendations.

B.     **Whether the Petitioners Have Met the Motion for Reconsideration Standard**

Having determined that the Court has jurisdiction to consider the instant motions, the undersigned will now address whether the petitioners have met the standard for a motion for reconsideration. To prevail on a motion for reconsideration, "the moving party must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Instituto de Prevision Militar v. Lehman Bros., Inc., 485 F.Supp.2d 1340, 1343 (S.D. Fla. 2007) (internal quotations omitted). "'Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.'" Id. (quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 295 (M.D. Fla.1993)). Reconsideration of a previous order is an extraordinary remedy to be employed sparingly. Wendy's Int'l, Inc. v. Nu-Cape Construction, Inc., 169 F.R.D. 680 (M.D. Fla. 1996).

With respect to the Abi Chedid petitioners, the government argues that they have "failed to allege any new basis, facts, excusable neglect or any other reason which warrants the Court's exercise of its discretion to vacate its Dismissal Orders" as required by Fed. R. Civ. P. 60(b). See Plaintiff's Response in Opposition to Motion for Reconsideration (DE# 779 at 7, 7/3/07). The government also argues that the Makhlouf "[p]etitioners have not alleged any new basis or facts which warrants the Court's exercise of its discretion to vacate its Order adopting the . . . Report and Recommendation denying the [p]etitioners' petition." See Response in Opposition to Motion for [Sic] Reconsideration Order, etc. [DE# 715] (DE# 721 at 6, 3/9/07).

Based on the additional information contained in the petitioners' supplemental filings, the undersigned concludes that reconsideration is needed to correct manifest injustice. The petitioners are foreign nationals who were proceeding pro se[7] at the time they filed their third party petitions and supplemental filings contesting this Court's Preliminary Order of Forfeiture (DE# 428, 5/25/06). Due to the petitioners' pro se status, the petitions and supplemental filings must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Although the petitions were inexpertly drafted and did not comply with 21 U.S.C. § 853 (n), through their supplemental filings, the petitioners have shown due diligence in attempting to comply with section 853 (n). All three petitioners have now submitted their claims under penalty of perjury. Additionally, Joseph Abi Chedid and the Makhlouf petitioners have explained to the Court why their petitions were untimely. Thus, the Court should exercise its discretion in reconsidering the Orders adopting the December 5, 2006 Reports and Recommendations.

**C.     Amendments to the Petitions**

   **1.     Whether the Petitions Can Be Amended to Comply with the Statutory Requirement That They Be Signed under Penalty of Perjury**

The initial petitions filed by the Makhlouf petitioners and the Abi Chedid petitioners failed to comply with the requirement that they be signed under penalty of perjury. See Tanios and Marguerite Abi Chedid's Petition of Third Parties Motion for

---

[7] The Abi Chedid petitioners did not retain counsel until they filed the instant motion for reconsideration. The Makhlouf petitioners remain pro se.

Modification of Forfeiture Order and Release of Property Forfeited (DE# 579, 9/13/06), Joseph Abi Chedid's Petition of Third Parties Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 583, 9/19/06) and the Makhlouf petitioners' Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 591, 9/25/06). After the undersigned issued the December 5, 2006 Reports and Recommendations recommending that the petitions be dismissed, the petitioners supplemented their petitions to satisfy this requirement.

The undersigned must determine whether amendments to a third party petition can cure the failure to sign a petition under penalty of perjury. The undersigned finds that they can. The purpose behind this requirement is to protect the assets and the government's interest therein against false claims. United States v. Joyeros S.A., 410 F.Supp.2d 121, 124 (E.D. N.Y. 2006) (noting that this requirement is "no mere formality"). Although strict compliance is generally required, "a court has discretion in appropriate circumstances to depart from the strict compliance standard." Id. (internal citations and quotation marks omitted). In Joyers S.A., the district court would have allowed the petitioners to amend their petitions to meet with the requirement that the petitions be signed under penalty of perjury but for the petitions' failure on the merits. Id.

Here, the petitioners have all filed supplements swearing under penalty of perjury to the veracity of their claims. Thus, the petitioners through their supplemental filings, have now complied with the requirement that their petitions be signed under penalty of perjury.

### 2. Whether the Untimely Petitions Can Be Equitably Tolled

Next, the undersigned must determine whether the Court can consider the untimely petitions filed by Joseph Abi Chedid and the Makhlouf petitioners.[8] The statutory period for filing a third party petition under 21 U.S.C. § 853(n) is "within thirty days of the final publication of notice or [the petitioner's] receipt of notice under paragraph (1), whichever is earlier." 21 U.S.C. § 853(n)(2).

The government claims that it sent notice to Joseph Abi Chedid on July 31, 2006 and that the return receipt was executed on August 17, 2006.[9] See Plaintiff's Response in Opposition to Motion for Reconsideration (DE# 779 at Exhibit A, 7/3/07).  Initially, Joseph Abi Chedid acknowledged receipt of the notice on August 19, 2006. See Petition of Third Parties Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 583 at 1, 9/21/06). However, in his supplemental filing, Joseph Abi Chedid clarified that he did not personally receive the notice. It was signed by an unknown person on August 17, 2006 and placed in the mail box of the Tanios Abi Chedid on August 19, 2006. See Supplement to the Third Party Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 659 at 2-3, 12/7/06). Joseph Abi Chedid further stated that his petition was received by this Court on September 19, 2006 and attaches a Track and Confirmation receipt from the U.S.

---

[8] The government does not dispute that the petition filed by Tanios and Marguerite Abi Chedid was timely. See Motion to Dismiss the Petition [DE# 579] for Failure to Comply with 21 U.S.C. § 853 (DE# 602, 10/5/06).

[9] The government also sent notice to Alex Gil, Esq., Joseph Abi Chedid's attorney, on August 1, 2006. See Plaintiff's Response to Order Dated September 28, 2006 [DE# 590] and Motion to Dismiss the Petition for Failure to Comply with 21 U.S.C. § 853 (DE# 603 at 2, 10/5/06).

Postal Service as proof. See Supplement Subsequent to the United States Magistrate Honorable Judge John O'Sullivan's Report dated December 5, 2006 (DE# 689, 1/5/07). Joseph Abi Chedid's petition (DE# 583) was docketed on September 21, 2006.  Thus, under Joseph Abi Chedid's account, his petition was filed one day late.

The Makhlouf petitioners claim they received notice from the government on August 20, 2006. See Motion for Modification of Forfeiture Order and Release of Property Forfeited (DE# 591 at 3, 9/25/06). They filed their petition on September 25, 2006. Thus, the Makhlouf petitioners filed their petition six days late.

The undersigned notes that this is not a case where the third party petition was filed several months late. Joseph Abi Chedid's petition was filed one-day late and the Makhlouf petition was filed six days late. Additionally, these petitioners, who at the time were pro se, submitted supplemental filings explaining their delay and demonstrating due diligence. Under these circumstances, the undersigned recommends that the Court exercise its discretion in considering the untimely petitions of Joseph Abi Chedid and the Makhlouf petitioners. See U.S. v. BCCI Holdings (Luxembourg), S.A. (Petition of Indosuez Bank), 916 F.Supp. 1276 (D.D.C.1996) (court may "equitably toll" time for filing 18 U.S.C.  1963(l) claim if claimant demonstrates due diligence).

Accordingly, the undersigned respectfully recommends that the Makhlouf petitioners' Motion for Reconsider [sic] Order (D.E. 695) Dated January 19, 2007 Adopting Magistrate's Report (D.E. 654) Dated December 5, 2006 (DE# 715, 2/28/07) and the Abi Chedid petitioners' Motion for Clarification and Reconsideration of Dismissal Orders and for Leave to Amend Petitions of Third Party Petitioners to Address Deficiencies (DE# 776, 6/26/07) be **GRANTED**.

## RECOMMENDATION

In accordance with the foregoing, it is hereby **RESPECTFULLY RECOMMENDED** that the Makhlouf petitioners' Motion for Reconsider [sic] Order (D.E. 695) Dated January 19, 2007 Adopting Magistrate's Report (D.E. 654) Dated December 5, 2006 (DE# 715, 2/28/07) and the Abi Chedid petitioners' Motion for Clarification and Reconsideration of Dismissal Orders and for Leave to Amend Petitions of Third Party Petitioners to Address Deficiencies (DE# 776, 6/26/07) be **GRANTED** and the matter be referred to the undersigned for a Report and Recommendation on the merits of the petitions.

The parties have ten (10) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Donald Graham, United States District Court Judge. Failure to file timely objections shall bar the parties from attacking on appeal the factual findings contained herein. See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED, in Chambers, at Miami, Florida, this **20th** day of September, 2007.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge Graham
All Counsel of Record

Copies mailed by Chambers to:

Clara M. Barrow, Esq.
Clara M. Barrow, P.A.
2000 Ponce de Leon Blvd., Suite 501
Miami, FL 33134

Lizette Makhlouf
Youssef Makhlouf
Alameda dos Uapes, 195
Sao Paulo - SP
CEP 04067-030
Brazil